

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00403-CV

AMERICAN ADVANCED MANAGEMENT, INC. D/B/A VIBRA REHABILITATION HOSPITAL OF AMARILLO, APPELLANT

V.

SHERIF T. ELAMIR, M.D., APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 112120-C-CV, Honorable Ana Estevez, Presiding

May 12, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

American Advanced Management d/b/a Vibra Rehabilitation Hospital of Amarillo initiated this restricted appeal from an "Order" signed by the trial court on September 23, 2024. We dismiss the appeal for want of jurisdiction.

Our analysis begins with reference to Texas Rule of Appellate Procedure 30. The latter rule pertains to restricted appeals like that attempted at bar. And, within it, one finds the statement: "[s]tatutes pertaining to writ of error appeals to the court of appeals apply

equally to restricted appeals." TEX. R. APP. P. 30; *Nationstar Mortg., LLC v. Miranda*, No. 08-24-00353-CV, 2025 Tex. App. LEXIS 1462, at \*2–3 (Tex. App.—El Paso Mar. 5, 2025, no pet.) (mem. op.). Next, one such "statute[]" provides that, "[i]n a civil case in which the judgment or amount in controversy exceeds $250 . . . a person may take an appeal **or writ of error** to the court of appeals **from a final judgment** of the district or county court." TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (emphasis added). A final judgment is one that disposes of all claims and parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). That the September 23 "Order" at bar does not do.

The record discloses that Sherif T. Elamir, M.D., sued several parties, including American. Eventually, he moved for a default judgment against American. In response thereto, the trial court heard the motion and issued its September 23 order stating that it "GRANTS the motion for default judgement [sic] **on liability**." (Emphasis added). Several months later, the trial court ordered the matter of damages against American for hearing on "December 20, 2024, at 1:30 pm." Our reading of these two orders cannot but lead a reasonable person to conclude that the September 23 order was not final, for damages had yet to be resolved. Moreover, in response to our query about the existence of a final judgment and our jurisdiction over the appeal, American represented that not only had "the hearing on damages . . . been continued twice on motion of Appellant" but also the damages hearing has not been reset pending the disposition of this appeal." In other words, the order from which American attempted its restricted appeal remains interlocutory to this day.

American would have us ignore the necessity of a final judgment for several reasons. One involves the lack of the word "final" in Rule 30 of the Rules of Appellate

Procedure. Yet, as mentioned earlier, that very rule requires us to apply "[s]tatutes pertaining to writ of error appeals to . . . restricted appeals." And, as we also mentioned above, the statutory provision found at section 51.012 of the Civil Practice and Remedies Code permits writs of error appeals only from "final judgments."

American also seems to suggest that the order before us is appealable since "the language used by the trial court and the conduct of appellee demonstrates they considered the matter, at least as to liability, disposed of." Yet, as illustrated earlier, finality depends upon the disposition of all claims and parties. Part of Elamir's claim against American involves the assessment of damages, if any. That having yet to be adjudicated, one can hardly suggest that the trial court disposed of all claims. And, that says nothing about the status of the claims Elamir asserted against other parties in the suit.

Nor do we find consequential American's suggestion that "this appeal should be considered for reasons of judicial economy." It cites no authority suggesting that jurisdiction can be manufactured simply from notions of "judicial economy." Nor do we know of any such authority. As both we and our Supreme Court have held, appellate courts have jurisdiction to hear appeals from final judgments or from interlocutory orders made immediately appealable by statute. *Lehmann*, 39 S.W.3d at 195; *Rozsa v. Fleming*, No. 07-24-00347-CV, 2024 Tex. App. LEXIS 8476, at *2 (Tex. App.—Amarillo Dec. 6, 2024, no pet.) (mem. op.) (per curiam). That rule of law says nothing about "judicial economy" being a source of appellate court jurisdiction.

Having neither a final judgment nor statute permitting the appeal of the interlocutory order before us, we opt not to ignore our precedent and that of the Supreme

3

Court.  Consequently, the restricted appeal before us is dismissed for want of jurisdiction. *See Nationstar Mortg., LLC*, 2025 Tex. App. LEXIS 1462, at *3 (dismissing the restricted appeal due to the absence of a final judgment); *Cooper v. Mowla*, No. 05-21-00757-CV, 2021 Tex. App. LEXIS 8614, at *2 (Tex. App.—Dallas Oct. 21, 2021, no pet.) (mem. op.) (same); *Homeward Residential, Inc. v. Burch*, No. 02-19-00413-CV, 2020 Tex. App. LEXIS 643, at *5–6 (Tex. App.—Fort Worth Dec. 23, 2020, pet. denied) (same); *Ourstaff of Pa., Inc. v. Phoenix Ins. Grp., Inc.*, No. 04-99-00065-CV, 1999 Tex. App. LEXIS 2994, at *1–2 (Tex. App.—San Antonio Apr. 21, 1999, no pet.) (per curiam) (same).

Per Curiam